ALLEN LYN TAYLOR, APPELLANT, *v.* WARDEN,
NEVADA STATE PRISON, RESPONDENT.

No. 12110

March 13, 1980                                    607 P.2d 587

*Virgil A. Bucchianeri,* Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, and *Michael D. Ross,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Allen Lyn Taylor, under sentence of life imprisonment, appeals from the district court's denial of his petition for a writ of habeas corpus.

Appellant contends that he must be permitted to withdraw his plea of guilty because, in the original proceedings, he had been informed by the district judge that the maximum term of incarceration that could be imposed as a result of his plea would be sixty-six years. The record reflects that at the hearing there was a great deal of confusion as to whether sixty-six years or life was the maximum possible penalty. Although the prosecutor and defense attorney both stated that a life sentence was possible, the judge did not. Instead, the judge informed appellant that he could be sentenced to the State Penitentiary for sixty-six years.

In reviewing an attack on a guilty plea a court must consider whether the plea was voluntarily entered as well as whether, considered as a whole, the process by which the plea was obtained was fundamentally fair. Bachner v. United States, 517 F.2d 589 (7th Cir. 1975, Stevens, J. concurring opinion).

In pleading guilty, a criminal defendant waives his right to trial by jury, his right to confront witnesses, and his right against compulsory self-incrimination; such a waiver is effective only if made intelligently and voluntarily. Boykin v. Alabama, 395 U.S. 238 (1969). Consequently, the focus of the

voluntariness inquiry is upon the frame of mind of the defendant at the time he decides to plead. An element to be considered in deciding this issue is whether the defendant had an adequate appreciation of the possible sentence that can be imposed. *See* Dunlap v. United States, 462 F.2d 163 (5th Cir. 1972); Meyer v. State, 95 Nev. 885, 603 P.2d 1066 (1979); Stocks v. Warden, 86 Nev. 758, 476 P.2d 469 (1970). Thus, if misinformation as to sentence renders the plea involuntarily made, it must be vacated even if the actual sentence imposed is within the perimeters of the erroneous advice. Paige v. United States, 443 F.2d 781 (4th Cir. 1971).

The question as to whether a plea is voluntarily entered will turn on the facts and circumstances of each particular case. *See* Caputo v. Henderson, 541 F.2d 979 (2d Cir. 1976). As regards incorrect or insufficient information as to sentencing, the proper test to be applied is whether the defendant would have pleaded differently had he been correctly informed, upon which issue the state must bear the burden of proof. In some situations the error may be so egregious that involuntariness may be conclusively presumed. *See* Meyer v. State, *supra*.

The inquiry as to whether the process by which the plea was taken is fundamentally fair, on the other hand, involves different considerations. Rather than focusing on the state of mind of the defendant, the focus of this inquiry is upon the process in which the plea has been obtained. Thus, although ordinarily events subsequent to the defendant's decision to plead guilty are irrelevant to a determination of voluntariness, such events are properly considered on the fairness issue. Bachner v. United States, *supra*. As a result, where it is determined that the plea is voluntary, if the sentence subsequently imposed is less onerous than the maximum sentence that has been represented as possible, the fundamental fairness requirement has been satisfied. *Id*. On the other hand, if the sentence is of greater duration, then the defendant is entitled to relief. *See* United States ex rel. Baker v. Finkbeiner, 551 F.2d 180 (7th Cir. 1977).

However, the appropriate relief is not necessarily vacation of the guilty plea. As long as the guilty plea was voluntary, the defendant has no right to insist upon this remedy. While in appropriate cases such relief may be granted, ordinarily the remedy will be reduction of the sentence to the maximum sentence represented as possible. People v. Wenger, 356 N.E.2d

432 (Ill.App. 1976); People v. Jackson, 300 N.E.2d 557 (Ill.App. 1973). *See* United States ex rel. Baker v. Finkbeiner, *supra.*

With these principles in mind, we turn to the case before us. While, ordinarily, misinformation as to the range of sentences is prima facie proof of involuntariness, *see* Nealy v. Cupp, 467 P.2d 649 (Or.App. 1970), the state may overcome this presumption by clear and convincing evidence to the contrary. In this case we note that there is little practical difference between the consequences of a sixty-six-year sentence and a life sentence; parole eligibility remains the same in any event. In addition, the record discloses that appellant was adamant in his determination to plead guilty. Therefore, we cannot say the lower court erred in its determination.

However, the life sentence cannot stand. Having been informed by the judge that sixty-six years was the maximum sentence, a greater sentence cannot be validly imposed. Therefore, we modify the judgment so as to reduce the life sentence to a sixty-six-year term.[1]

Appellant's other contentions are without merit.

Accordingly, the judgment is, as modified, affirmed.

---

[1] We express no opinion as to those situations in which vacation of the plea is proper.