BRUCE B. DOUGLAS, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 13887

January 20, 1983                           656 P.2d 853

---

*James O. Porter,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

In this appeal it appears that the trial court accepted a guilty plea from Douglas which was in violation of NRS 174.035(1).[1] As a result we modify the sentence as we did in Taylor v. Warden, 96 Nev. 272, 607 P.2d 587 (1980).

On October 28, 1981, the district court sentenced Douglas to six years in the Nevada State Prison for conspiracy to sell a controlled substance, Count I, and life imprisonment for giving away a controlled substance, Count IX. The life sentence was suspended and Douglas was put on probation for five years. Following his imprisonment, Douglas filed a motion to withdraw his plea, or in the alternative, for reconsideration of sentencing. The district court denied the motion on December 14, 1981. This appeal followed.

---

[1]NRS 174.035(1) provides as follows:

174.035 Kinds of pleas; when plea of not guilty is entered by court.

1. A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea.

24

The canvass of the defendant is set out in the margin. It does not support a determination that Douglas understood the consequence of his plea of guilty to the crime of giving away a controlled substance, which is life imprisonment. Douglas stated during the canvass that he understood the maximum sentence to be 20 years. A reading of the canvass rather clearly discloses the confusion and lack of understanding of the consequences of Douglas's plea.[2] *See* McCarthy v. United States, 394 U.S. 459 (1969); Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981); Heffley v. Warden, 89 Nev. 573, 516 P.2d 1403 (1973); Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970).

In *Taylor* we held that appropriate relief in such cases was reduction of the sentence to the maximum sentence represented as the possible consequence of the crime in question. Douglas stated his belief that 20 years was the maximum sentence that

---

[2]During the taking of the plea, the following colloquy took place:
[Cotton is a co-defendant of Douglas's. Momot is counsel for Cotton.]

THE COURT: Has he, your attorney, advised you of the maximum penalty the Court could impose on each of these counts?
MR. DOUGLAS: Yes.
MR. COTTON: Yes, your Honor.
THE COURT: Mr. Douglas, what's your understanding of the maximum penalty of conspiracy to sell controlled substance?
MR. DOUGLAS: One to 20, sir.
MR. COTTON: One to six.
THE COURT: $2500 fine, I believe.
MR. MOMOT: Five thousand.
THE COURT: Five thousand. How about Count IX, giving away a controlled substance, what's your understanding of the maximum?
MR. DOUGLAS: One to 20.
MR. COTTON: And a monetary fine. Is that $5,000?
MR. MOMOT: No, it's a $20,000 fine. It's life or for a term of less than one year, one to 20 years.
THE COURT: Has either one of these individuals been convicted of narcotic offenses before?
MR. MOMOT: No, Judge. That's why I read it from the first offense.
THE COURT: I don't impose life unless there is some extraordinary circumstances.
All right. Mr. Cotton, you understand the maximum sentence in conspiracy is one to six and/or a $5,000 fine?
MR. COTTON: Yes, I do, your Honor.
THE COURT: You understand giving away a controlled substance is one to 20 and/or a $20,000 fine?
MR. COTTON: Yes.
THE COURT: All right. By pleading guilty you are each surrendering certain valuable constitutional rights. You each have the right to confront the witnesses face to face in a courtroom and to have process or what we call subpeonas to bring your own witnesses to court to testify for you.

he could receive; his misunderstanding was not adequately clarified or contradicted on the record. We, therefore, modify the suspended life sentence with five years probation to a suspended sentence of 20 years imprisonment with five years probation.