## ODUS DWIGHT RAMEY, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 14339

April 21, 1983                    661 P.2d 1292

*Abbatangelo & Watkins,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Under the rationale of North Carolina v. Alford, 400 U.S. 25 (1970), appellant entered a plea of guilty to one count of assault with a deadly weapon. He later moved to withdraw the plea on several grounds, including his lack of understanding of the consequences of his plea. The district court denied the motion and sentenced appellant to six years in prison. Appellant now contends that his guilty plea must be set aside because the record does not affirmatively show it was knowingly and voluntarily entered. Specifically, appellant argues that the record does not affirmatively show he understood the consequences of his plea, including the range of possible punishments. We agree.

The court below did not canvass appellant to determine whether he understood the range of possible punishments that could flow from his plea, and the record is utterly devoid of any indication that appellant understood the consequences of pleading guilty. Thus, the record does not affirmatively show the plea was knowingly and voluntarily entered, and the plea must therefore be set aside. *See* Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981); *see also* NRS 174.035(1).

The judgment of conviction is reversed. The plea of guilty is set aside, and the matter is remanded to the district court for further proceedings.