IRIS MARIE DAVID, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 14862

November 10, 1983                                      671 P.2d 634

*Thomas E. Perkins,* State Public Defender, Carson City, and *Norman Y. Herring,* Special Deputy Public Defender, Incline Village, for Appellant.

*Brian McKay,* Attorney General, and *Brian Randall Hutchins,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court which reduced appellant's sentence to that which appellant understood was the maximum potential sentence at the time she pleaded guilty. Appellant, Iris David, contends that her guilty plea was involuntary and therefore the lower court was required to vacate her conviction. We disagree.

David was charged with sale of a controlled substance and

conspiracy to sell a controlled substance, violations of NRS 453.321, NRS 453.191[1] and NRS 453.401. On March 23, 1981, David appeared before a judge of the Eighth Judicial District Court to enter a guilty plea. The court informed David that the maximum sentences which could be imposed for the crimes were ten years on the sale charge and six years on the conspiracy charge. David stated that she understood this and subsequently pleaded guilty.

On June 22, 1981, David appeared before the court for entry of judgment and imposition of sentence. The court sentenced David to life imprisonment on the sale conviction and six years on the conspiracy conviction. The court suspended the sentences and granted probation for an indeterminate period not to exceed five years. David subsequently violated her probation and the court ordered her to serve the six-year sentence on the conspiracy conviction.

On October 4, 1982, David filed a petition for a writ of habeas corpus in the First Judicial District Court. She asserted that her incarceration was illegal because she made the plea without an understanding of its consequences. The lower court initially vacated the judgment of conviction. After a motion for reconsideration, however, and after the issuance of this court's opinion in Douglas v. State, 99 Nev. 22, 656 P.2d 853 (1983), the court amended its previous order to reduce the life sentence to ten years.

David has appealed from the amended order. She contends that her convictions must be reversed where her guilty plea was involuntary.

■■■■ ■

A guilty plea must be made voluntarily with an understanding of the nature of the charge and the consequences of the plea. Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981); NRS 174.035(1). Where a defendant does not understand the consequences of a plea, the plea is not knowingly and voluntarily entered. *See* Ramey v. State, 99 Nev. 264, 661 P.2d 292 (1983).

■■■■ ■

In the present case the court misinformed David that ten years was the maximum statutory sentence the court could impose for sale of a controlled substance. *See* NRS 453.321. The canvass of David reveals that she did not have an understanding of the consequences of her plea under the statute. Because of the reduction of the sentence to ten years, however, the actual consequence of her plea was limited to that sentence

---

[1]NRS 453.191 was repealed in 1981. *See* 1981 Nev. Stat. 750.

which she believed could be imposed. Accordingly, any misunderstanding of the consequences of her plea was cured. Douglas v. State, *supra*.[2] Therefore, her plea was voluntarily entered. *Id.*

Other issues raised are without merit or need not be addressed. Accordingly, the order of the district court is affirmed.

---

[2]To the extent that Taylor v. Warden, 96 Nev. 272, 607 P.2d 587 (1980), may be inconsistent, it is overruled.