ANDREW RUSS SIERRA, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 15093

December 6, 1984                                           691 P.2d 431

*David G. Parraguirre,* Public Defender, and *Jane G. McKenna,* Deputy Public Defender, Washoe County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills B. Lane, District Attorney, and Edwin T. Basl,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to a plea bargain, appellant pleaded guilty to three counts of sexual assault, NRS 200.366, and one count of lewdness with a child under the age of fourteen years, NRS 201.230. Appellant now appeals from the conviction, challenging the validity of the plea on the ground that he did not understand the actual consequences of his plea in terms of the possible range of punishments. We agree.

At his plea hearing, appellant was advised that the possible sentence he could receive for each of the three sexual assault

counts was "ten to life," with each sentence to run consecutively or concurrently at the trial court's discretion. As appellant points out, however, the victim of the sexual assaults in this case was alleged to have been under the age of fourteen years; consequently, the only possible sentence appellant could have received for these offenses was life with the possibility of parole. *See* NRS 200.366(2)(c). As such, appellant was misinformed concerning the mandatory minimum sentence he would receive for the sexual assault offenses.

In Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981), this court held that a guilty plea will be considered to have been involuntarily entered unless the plea hearing transcript affirmatively demonstrates, among other things, that the plea was entered with an understanding of the consequences of the plea, including the possible "range of punishments." 97 Nev. at 133, 624 P.2d at 1389. When a defendant is expressly given misinformation by the state or the district court at the time of the entry of his plea, to the effect that the mandatory minimum sentence he might receive is much less than what is actually possible under the statute, we cannot say that this requirement has been met. *See* Hunter v. Fogg, 616 F.2d 55 (2nd Cir. 1980); Ingram v. State, 450 P.2d 161, 165 (Alaska 1969); *see generally* Fed.R.Crim. P. 11(c)(1); Wright, Federal Practice and Procedure, Criminal 2d § 173 (1982).

Respondent contends that appellant's plea was nevertheless entered knowingly and voluntarily because appellant was correctly informed of the maximum possible sentence, and no "guarantees" were made to him to the effect that he would receive anything less than the maximum possible sentence. In this regard, respondent asserts that it was "highly unlikely" given the facts of this case that a lesser sentence would have even been considered by the district court. These factors, however, do not in any way affect our determination that appellant's plea was not voluntarily entered. If appellant had been provided with an accurate description of the full possible range of punishments for his offense, the minimum of which was actually substantially higher than what he was told, appellant may very well not have been willing to enter his guilty plea at all.

Since appellant's misunderstanding in this regard resulted from express misrepresentations made to him by the state and the district court on the record at the time of the entry of appellant's plea, we cannot say that the record affirmatively demonstrates a full understanding of the consequences of the plea as required by

Hanley v. State, *supra.* *Cf.* Rouse v. State, 91 Nev. 677, 541 P.2d 643 (1975) (the mere subjective belief of a defendant as to the possibility of receiving a lesser sentence, unsupported by any promises to the defendant by the state or court, is insufficient to render a guilty plea involuntary). Accordingly, since the record does not reflect that the plea was entered knowingly and voluntarily, appellant's judgment of conviction is reversed, and this matter is remanded to the district court for further proceedings.[1]

---

[1]We note that in situations in which a defendant has been misinformed of the maximum possible sentence he might receive for a guilty plea, this court will simply modify the defendant's actual sentence to comport with his understanding of the maximum possible sentence. *See* David v. Warden, 99 Nev. 799, 671 P.2d 634 (1983). When, as here, a defendant is told that the mandatory statutory minimum sentence is less than what the statute actually provides, however, a sentence modification or remand for resentencing would be inappropriate; such a modification or remand might result in the imposition of a lighter sentence than that contemplated by the legislature, and would thereby result in a usurpation of the legislature's function. *See generally* Lapinski v. State, 84 Nev. 611, 446 P.2d 645 (1968) (function of prescribing penalties for a given offense is vested solely with legislature).