ROBERT JAMES MURRAY, APPELLANT, *v.*
THE STATE OF NEVADA, RESPONDENT.

No. 21259

December 20, 1990                                                803 P.2d 225

---

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex A. Bell,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On March 13, 1984, appellant was convicted, pursuant to a jury verdict, of two counts of attempted robbery with the use of a deadly weapon, and one count of grand larceny auto. The district court determined that appellant is a habitual criminal, and sentenced appellant to consecutive fifteen year terms in the Nevada State Prison for each of the attempted robbery convictions. *See* NRS 207.010(1). The district court also imposed two consecutive

fifteen year sentences for appellant's use of a deadly weapon. *See* NRS 193.165. Finally, the district court imposed a concurrent five year sentence for the grand larceny conviction. Appellant filed a direct appeal challenging his conviction and, on October 22, 1985, this court dismissed that appeal. *See* Murray v. State, Docket No. 15821 (Order Dismissing Appeal, filed October 22, 1985).

Appellant later filed in the First Judicial District Court a post-conviction petition for a writ of habeas corpus, challenging the legality of his sentence. On August 16, 1989, that court entered an order noting that the state had stipulated that appellant's sentence is illegal. Therefore, the court "remanded" appellant's case to the Eighth Judicial District Court so that appellant could be resentenced. The Eighth Judicial District Court refused to alter appellant's sentence, and this appeal followed.

Appellant contends that his sentence is illegal because the district court sentenced him as a habitual criminal and then impermissibly enhanced that sentence, pursuant to NRS 193.165, for the use of a deadly weapon. *See* Odoms v. State, 102 Nev. 27, 714 P.2d 568 (1986). Thus, appellant argues that the Eighth Judicial District Court erred when it refused to alter his sentence. The state, on the other hand, argues that *Odoms* was a new rule of law that should not be given retroactive effect.

The district courts of this state have equal and co-extensive jurisdiction; therefore, the judge of the First Judicial District Court had no power to remand appellant's case to the Eighth Judicial District Court for resentencing. *See* Warden v. Owens, 93 Nev. 255, 563 P.2d 81 (1977). If the judge of the First Judicial District Court believed that appellant's sentence is illegal, he should have granted appellant habeas corpus relief, and allowed the state to appeal.

In our order dismissing appellant's direct appeal, we determined that appellant's sentence was "within the statutory limits." The state argues that our prior determination is the law of the case and that appellant may not litigate the validity of his sentence in this proceeding. *See* Hall v. State, 91 Nev. 314, 535 P.2d 797 (1975). We dismissed appellant's direct appeal, however, prior to our decision in *Odoms*. Further, the language to which the state refers addressed appellant's claim of cruel and unusual punishment. We conclude, therefore, that the doctrine of law of the case is inapplicable.

In its order denying appellant's motion, the district court stated that the *Odoms* court promulgated a new constitutional rule that was not dictated by precedent existing at the time appellant's conviction became final. Therefore, the district court concluded that the *Odoms* decision should not be applied retroactively in appellant's case. *See* Butler v. McKellar, 494 U.S. 407, 110 S.Ct. 1212 (1990); Teague v. Lane, 489 U.S. 288 (1989). We disagree.

The *Odoms* decision did not announce a constitutional rule of any kind; rather, that case was decided based on the plain language of NRS 193.165, NRS 207.010, and the existing case law interpreting those statutes. *See Odoms,* 102 Nev. at 31-34, 714 P.2d at 571-73. Central to the reasoning of the *Odoms* court was the reasoning of Carter v. State, 98 Nev. 331, 647 P.2d 374 (1982), which prohibited the district courts from imposing multiple sentence enhancements pursuant to NRS 193.165 and 193.167. The *Odoms* court did not announce a new rule; it merely explained the law as it exists in this state.

Imposition of consecutive sentences pursuant to NRS 207.010 and 193.165 is prohibited under Nevada law. Therefore, we vacate the order of the district court denying appellant's motion to correct his sentence, and we remand this matter to the district court with instructions to vacate the sentences imposed against appellant for his use of a deadly weapon.