HAROLD NORMAN WEAVER, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, H. L. WHITLEY, RESPONDENT.

No. 22340

December 6, 1991                              822 P.2d 112

[Petition for rehearing December 23, 1991]

*Harold Norman Weaver, In Proper Person, for Appellant.*

*Frankie Sue Del Papa,* Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is a proper person appeal from an order of the district court denying appellant's petition for a writ of habeas corpus.

On October 26, 1982, the district court, pursuant to a guilty plea, convicted appellant of one count of robbery and one count

---

[3]THE HONORABLE JOHN C. MOWBRAY, Chief Justice, did not participate in the decision of this appeal.

of robbery with use of a deadly weapon. The district court sentenced appellant to terms totaling forty-five years in the Nevada State Prison. Appellant did not file a direct appeal. On April 27, 1987, appellant filed the instant petition for a writ of habeas corpus. Appellant contended that he had ineffective assistance of counsel, both in entering his plea, and at sentencing. Appellant's contentions centered on the failure of his attorney to investigate or make an argument based on appellant's post-traumatic stress disorder (PTSD). On June 9, 1987, the district court, *sua sponte,* dismissed appellant's petition. On September 23, 1987, this court vacated the order of the district court denying appellant's petition and remanded this matter to the district court for an evidentiary hearing. Weaver v. Whitley, Docket No. 18325 (Order of Remand, September 23, 1987).

On March 18, 1991, the district court conducted an evidentiary hearing on appellant's petition. The principal witness at that hearing was a psychiatrist, Dr. Edward J. Lynn. Dr. Lynn has been a psychiatrist for twenty-two years. Among other things, Dr. Lynn was the founding chief of psychiatry at the Reno Veteran's Administration. Dr. Lynn has published works on PTSD, including how to differentiate between real PTSD and a patient who merely pretends to suffer from PTSD.

Dr. Lynn found that appellant was suffering from PTSD. Dr. Lynn described appellant's symptoms, which included recurring nightmares (including one of an event in Vietnam where appellant had to assassinate one of his own men at the order of a superior officer), flashbacks, and detachment from his family. To avoid nightmares, appellant used amphetamines to stay awake, and then used alcohol for sleep when he became exhausted. Dr. Lynn testified, from interviewing appellant and examining his records, that appellant's PTSD and amphetamine use could have impaired his ability to enter a knowing and voluntary guilty plea. Dr. Lynn reviewed the reports of two psychiatrists who examined appellant prior to entering his guilty plea and determined that those psychiatrists did not address appellant's PTSD. Because appellant's last discharge from the military was dishonorable, appellant was not entitled to treatment from the Veteran's Administration. Dr. Lynn rated appellant's PTSD in the severe range.

Appellant also testified at the evidentiary hearing. Appellant's testimony was generally that he had no recollection of committing the robberies and that he pleaded guilty because the public defender promised him he would receive a light sentence in view of his service in Vietnam.

At the conclusion of the evidentiary hearing the district court announced that the petition for a writ of habeas corpus was denied. The district court acknowledged that appellant suffered

from PTSD, but ruled that he was competent to enter a guilty plea.

The district court then concluded the hearing by noting that it was "unfortunate" that the sentencing court was not presented with evidence of appellant's PTSD. The district court further opined that such evidence "may well have affected this defendant's sentence." Nevertheless, the district court stated that it could not grant appellant any relief on his sentence in the context of a petition for a writ of habeas corpus.

On May 3, 1991, the district court entered its order, supported by findings of fact and conclusions of law, denying appellant's petition for a writ of habeas corpus. In its formal findings of fact, the district court examined the argument of appellant's counsel at sentencing, demonstrating that counsel made virtually no argument of any kind. This appeal followed.

Our review of the record on appeal has convinced us that the district court erred in denying appellant's petition for a writ of habeas corpus. From the comments of the district court at appellant's evidentiary hearing, and from the findings of fact made by the district court, it appears that appellant carried his burden of showing that he had ineffective assistance of counsel at sentencing.

[Headnote 2]

A post-conviction petition for a writ of habeas corpus is an appropriate vehicle for modifying a sentence which is infirm for any reason. *See, generally,* Murray v. State, 106 Nev. 907, 803 P.2d 225 (1990) (indicating that a district court judge should grant the petition for a writ of habeas corpus relief if the sentence was illegal); David v. Warden, 99 Nev. 799, 671 P.2d 634 (1983) (approving of procedure in which district court cured a misunderstanding in a plea agreement by modifying defendant's sentence on petition for a writ of habeas corpus); Kluttz v. Warden, 99 Nev. 681, 669 P.2d 244 (1983) (this court reversed and remanded for resentencing after district court refused to grant petition for habeas corpus based on state's argument for sentence in excess of that agreed to); Douglas v. State, 99 Nev. 22, 656 P.2d 853 (1983) (this court modified appellant's sentence on appeal after district court refused to grant post-conviction motion to withdraw guilty plea or reconsider sentencing). Sentencing which takes place without the effective assistance of counsel is in violation of the sixth and fourteenth amendments to the United States Constitution, and is therefore infirm. *See, generally,* Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, when a district court finds that a petitioner for a writ of habeas corpus had

ineffective assistance of counsel at sentencing, the district court should grant the petition and vacate the sentence. The state then has the option of either going to the district court which sentenced the petitioner for a new sentencing hearing, or else appealing to this court.

Normally, we would remand this case for a new sentencing hearing in front of the same district court judge who originally sentenced appellant. In this case, however, the clerk of the Eighth Judicial District Court has informed the clerk of this court that the judge who originally sentenced appellant is no longer on the bench. Accordingly, we reverse the order of the district court denying appellant's petition for a writ of habeas corpus. We grant appellant's petition for a writ of habeas corpus. We remand this matter to the First Judicial District Court for a new sentencing hearing.[1]

---

[1]We express no opinion on whether appellant should be sentenced to a different term than he originally received. We conclude merely that the sentencing court should sentence appellant with knowledge of the facts disclosed at appellant's evidentiary hearing.