An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD WELDON EVANS A/K/A
EDWARD WELDON EVANS, II,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67022

**FILED**

NOV 1 3 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an amended judgment of conviction, following remand, of resisting a public officer with a dangerous weapon, accessory to burglary, and conspiracy to utter a forged instrument. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Appellant Edward Weldon Evans first argues that the district court erred in denying his motion to recuse Judge Steinheimer from his new sentencing hearing. Whether a judge's impartiality may be reasonably questioned presents a question of law for this court's independent review. *Ybarra v. State*, 127 Nev. 47, 51, 247 P.3d 269, 272 (2011). We presume that a judge is unbiased, and Evans has not established factual grounds warranting disqualification. *See Rivero v. Rivero*, 125 Nev. 410, 439, 216 P.3d 213, 233 (2009). At no point does Evans identify factual grounds showing bias, and the suggestion that Judge Steinheimer's bias was proven when she reached the same conclusion as before ignores the more salient point that Evans' substantial

15-34660

criminal history remained unchanged. Normally, this court remands for resentencing before the same district judge. *Weaver v. Warden*, 107 Nev. 856, 859, 822 P.2d 112, 114 (1991). Accordingly, we conclude that the district court did not err in denying the motion to recuse Judge Steinheimer.

Second, Evans argues that the district court abused its discretion and relied on "suspect evidence" in adjudicating him as a habitual criminal. Evans implies that he may have been penalized for exercising his right to a trial but fails to identify a basis for relief and that the district court failed to consider his mitigation evidence. We afford the district court the broadest kind of judicial discretion in adjudicating habitual-criminal status. *LaChance v. State*, 130 Nev., Adv. Op. 29, 321 P.3d 919, 929 (2014). We note that the district court discussed Evans' mitigation evidence, weighed this against other sentencing criteria, and previously noted that Evans' exercise of his right to a trial played no role in her analysis. We further note that Evans has not cogently identified how the district court's consideration was deficient. In light of the qualifying number of felony convictions discussed on the record, we conclude that the district court did not rely on suspect evidence and acted within its discretion in adjudicating Evans as a habitual criminal. *See* NRS 207.010.

Third, Evans argues that his sentence as a habitual criminal should be stricken because the triggering facts were not determined by a jury as required by *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This court has held that Nevada's habitual criminal statute conforms to *Apprendi*. *O'Neill v. State*, 123 Nev. 9, 17, 153 P.3d 38, 43 (2007). Evans overlooks that *Apprendi* does not require jury determinations for finding

the fact of a prior conviction to increase the penalty for a crime. 530 U.S. at 490. Evans offers no persuasive argument in support of his contention that *O'Neill* should be overruled. *See Tilcock v. Budge*, 538 F.3d 1138, 1145 (9th Cir. 2008) (concluding that Nevada's habitual criminal statute does not violate *Apprendi*).

Lastly, Evans argues that it was cruel and unusual to sentence him to a term of life with the possibility of parole after ten years under the small habitual criminal statute when the maximum possible term would have been nine years absent habitual adjudication. A sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining that the Eighth Amendment does not require strict proportionality between crime and sentence; it forbids only an extreme sentence that is grossly disproportionate to the crime). The district court imposed a sentence that accorded with the statutory limits for the offenses and habitual criminal status. NRS 195.030; NRS 199.280; NRS 205.060(1); NRS 207.010(1)(b). In light of the large number of Evans' prior felony convictions, we conclude that the sentence imposed is not so grossly disproportionate to the crimes and Evans' history of recidivism as to constitute cruel or unusual punishment. *See Ewing v. California*, 538 U.S. 11, 29 (2003) (plurality opinion); *Sims v. State*, 107 Nev. 438, 814 P.2d 63 (1991) (affirming a sentence of life without parole for grand

larceny involving the theft of a purse and wallet containing $476, adjudicated under the habitual criminal statute).

Having considered Evans' contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

cc:    Hon. Connie J. Steinheimer, District Judge
       Karla K. Butko
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk