# IN THE SUPREME COURT OF THE STATE OF NEVADA

JESS MARLOW,
Appellant,
vs.
ISIDRO BACA, WARDEN, NORTHERN
NEVADA CORRECTIONAL CENTER,
Respondent.

No. 74848

FILED

MAY 13 2019

ELIZA̲̅ ̲A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Jess Marlow's postconviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Barry L. Breslow, Judge. Marlow argued that he received ineffective assistance of counsel during his sentencing and probation revocation hearings and while participating in drug court.[2] The district court denied his petition after conducting an evidentiary hearing. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong and reviewing its application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]This court has recognized that an ineffective-assistance-of-counsel claim will lie only where the defendant had a constitutional or statutory right to the appointment of counsel. *See McKague v. Warden*, 112 Nev. 159, 164-65, 912 P.2d 255, 258 (1996). Here, the district court implicitly held that Marlow was entitled to the effective assistance of counsel when it reviewed his claims without discussing whether he was entitled to the effective assistance of counsel in his probation revocation proceeding. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790-91 (1973).

*19- 21378*

objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Weaver v. Warden*, 107 Nev. 856, 858, 822 P.2d 112, 114 (1991) (applying *Strickland* to counsel's assistance at sentencing hearings). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690.

Marlow first argued that sentencing counsel should have corrected errors in his presentence investigation report. Substantial evidence supports the district court's finding that Marlow did not inform counsel about an allegedly expunged conviction, that counsel had not learned about the alleged expungement until some time after the hearing, and that counsel would have challenged any errors in the presentence investigation report immediately. Marlow thus did not show deficient performance. The district court therefore did not err in denying this claim.

Marlow next argued that sentencing counsel should have pursued inpatient treatment as a condition of probation. The district court found that Marlow did not show that the underlying facts by a preponderance of the evidence in light of conflicting testimony from Marlow and counsel, implicitly finding that neither account was credible. We will not upset the district court's credibility determinations or weighing of conflicting testimony. *See Mulder v. State*, 116 Nev. 1, 15, 992 P.2d 845,

SUPREME COURT
OF
NEVADA

(O) 1947A

853 (2000). Because Marlow did not show deficient performance in this regard, the district court therefore did not err in denying this claim.

Marlow next argued that sentencing counsel had a conflict of interest. Marlow alleged that counsel and a third party arranged to provide Marlow with legal representation in exchange for Marlow's providing counsel and the third party with publicity. Substantial evidence supports the district court's finding that counsel sought to dissuade Marlow from engaging in publicity where counsel denied such an arrangement existed and explained that he advised Marlow against the public engagements because they interfered with Marlow's preparing for the sentencing hearing. The district court therefore did not err in denying this claim.

Marlow next argued that drug-court counsel should not have advised him that he could withdraw from drug court and enroll in mental health court. Drug-court counsel testified that the conditions of Marlow's probation could be modified to permit certain medical treatments and outlined several steps prerequisite to petitioning the district court for the modifications. It is uncontested that Marlow never completed the first step, withdrew, and violated his probation. Even if Marlow had been entitled to effective assistance of counsel as a probationer participating in drug court, see Gagnon, 411 U.S. at 790-91 (discussing circumstances where a probationer has the right to counsel); cf. State v. Shambley, 795 N.W.2d 884 (Neb. 2011) (applying Gagnon to drug court participants), Marlow did not show prejudice from his apparent misunderstanding of counsel's advice because Marlow's probation was reinstated. The district court therefore did not err in denying this claim.

Marlow next argued that probation-revocation-hearing counsel should not have conceded that Marlow lied to the drug court when he claimed that a drug test returned a false positive due to a prescribed

medicine rather than methamphetamine. As Marlow admitted during the probation revocation hearing that he had taken methamphetamine and that caused him to fail the drug test, Marlow has not shown that counsel acted objectively unreasonably in acknowledging the deception. *See Florida v. Nixon*, 543 U.S. 175, 192 (2004) ("[C]ounsel cannot be deemed ineffective for attempting to impress the [fact finder] with his candor and his unwillingness to engage in 'a useless charade.'"). The district court therefore did not err in denying this claim.

Marlow next argued that probation-revocation-hearing counsel should have moved to modify his sentence after the sentencing court revoked Marlow's probation and imposed the sentence. Counsel testified that she believed that such a motion would have been futile after the sentencing judge told Marlow that the previous probation reinstatement was his last chance. Counsel's tactical decisions are virtually unchallengeable absent a showing of extraordinary circumstances, which Marlow did not make, *see Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004), particularly as counsel does not perform deficiently in omitting futile claims, *see Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying this claim.

Marlow next argued that probation-revocation-hearing counsel should not have refused to argue that his drug-court counsel provided ineffective assistance. Marlow offered no testimony to support this claim at the evidentiary hearing. Moreover, an ineffective-assistance claim is not appropriate for a probation revocation hearing; it must be raised in a habeas proceeding. Marlow thus did not show deficient performance in this regard. The district court therefore did not err in denying this claim.

Marlow next argued that his incarceration constituted cruel and unusual punishment because prison officials were unwilling or unable

to provide adequate medical care. Without opining on the merits of Marlow's challenge to the conditions of his incarceration, we observe that a petition for a writ of habeas corpus is not the appropriate way to raise it. *See* NRS 34.720 (setting forth the scope of the postconviction habeas petition). The district court therefore did not err in denying this claim.

Marlow argued that the sentencing court abused its discretion in revoking his probation and also violated his rights to equal protection, to due process, and to be free from cruel and unusual punishment. This court considered and rejected Marlow's challenge to the revocation of his probation on direct appeal. *See Marlow v. State*, Docket No. 65051 (Order of Affirmance, July 22, 2014). Relitigation is barred by the law of the case, which "cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings." *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975). The district court therefore did not err in denying these claims.

Marlow's remaining arguments could have been raised on direct appeal and thus are waived. *See Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) (explaining that issues that could be raised on direct appeal must be raised on direct appeal or they will be waived in subsequent proceedings), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). This includes Marlow's arguments (1) that the prosecutor acted with bias against Marlow; (2) that the sentencing court violated his right to equal protection in its reaction to his celebrity status, imposed a sentence that was cruel and unusual because it imposed the maximum statutory term and his crime was minor, abused its discretion by retaining jurisdiction over Marlow while he was in drug court, violated due process by considering convictions that had been expunged, violated due process by deciding to revoke Marlow's probation before conducting the

revocation hearing, violated due process by failing to consider that the victim testifying at the probation revocation hearing intended to profit from the publicity surrounding Marlow's case, denied Marlow the right to counsel of his choosing during the second revocation hearing, and should have considered placing Marlow in mental health court; and (3) that the drug testing firm used an unreliable testing procedure and may have violated due process by falsifying his drug test results. While the district court recognized that Marlow's claim that the sentencing court violated his right to equal protection in reacting to his celebrity was waived, it mistakenly considered the other claims on the merits. Nevertheless, the district court reached the correct result in denying them. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Stiglich                                           Silver

cc:     Hon. Barry L. Breslow, District Judge
        Jess Marlow
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk