SINGLETON THOMAS, III, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 28107

June 7, 1999                                        979 P.2d 222

*Singleton Thomas, III,* Jean, in Proper Person.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

This is a proper person appeal from an order of the district court denying appellant's post-conviction petition for a writ of habeas corpus. On March 7, 1995, the district court convicted appellant, pursuant to a guilty plea, of one count of trafficking in a controlled substance. The district court sentenced appellant to serve a term of six years in the Nevada State Prison, with parole eligibility after serving a minimum of three years. On June 26, 1995, appellant filed an untimely appeal from the judgment of conviction, which this court dismissed for lack of jurisdiction. Thomas v. State, Docket No. 27371 (Order Dismissing Appeal, August 25, 1995).

On August 24, 1995, appellant filed a proper person post-conviction petition for a writ of habeas corpus in the district court and a motion for the appointment of counsel. In the petition, appellant contended, *inter alia,* that he was denied a direct appeal without his consent. Specifically, appellant contended that he was not advised of his right to file a direct appeal and that his counsel failed to perfect an appeal after appellant expressed a desire to appeal. In response to appellant's petition and motion, the state requested that the district court appoint counsel to represent appellant, and that counsel be given an opportunity to evaluate and present direct appeal claims. The state further argued that appellant's remaining post-conviction contentions lacked merit.

The district court denied the petition, stating that the record contained "no information about the advice that the Defendant may or may not have received regarding his right to appeal or Defendant's knowing waiver thereof." This appeal followed.

Our preliminary review of this appeal revealed that that the dis-

trict court may have erred in denying the petition without first conducting an evidentiary hearing on appellant's claim that he was not advised of his right to appeal. We held in Lozada v. State, 110 Nev. 349, 871 P.2d 944 (1994), that counsel's failure to advise a criminal defendant of the right to a direct appeal constitutes ineffective assistance of counsel. Accordingly, we ordered the state to show cause why we should not remand this matter to the district court to conduct an evidentiary hearing on appellant's claim.

In response, the state urges this court not to extend the rationale in *Lozada* to cases in which the convictions are based on guilty pleas. Specifically, the state urges this court to follow other courts in holding that counsel need not always advise a defendant who pleads guilty of the right to appeal. *See* Laycock v. New Mexico, 880 F.2d 1184 (10th Cir. 1989); Marrow v. United States, 772 F.2d 525 (9th Cir. 1985); Carey v. Leverette, 605 F.2d 745 (4th Cir. 1979); and Davis v. Wainwright, 462 F.2d 1354 (5th Cir. 1972).

We find the state's arguments persuasive. We hold that there is no constitutional requirement that counsel must always inform a defendant who pleads guilty of the right to pursue a direct appeal. *See id.; see also* Ludwig v. United States, 162 F.3d 456, 459 (6th Cir. 1998); Morales v. United States, 143 F.3d 94 (2nd Cir. 1998); Castellanos v. United States, 26 F.3d 717, 719 (7th Cir. 1994); State v. Miller, 924 P.2d 690, 691 (Mont. 1996); Weathers v. State, 459 S.E.2d 838 (S.C. 1995); *but cf.* United States v. Stearns, 68 F.3d 328 (9th Cir. 1995) (holding that counsel is ineffective for failing to file an appeal if the defendant did not consent to the failure to file the appeal).

We recognize that, under certain circumstances, counsel will have an obligation to advise the defendant of the right to appeal. One such circumstance is when the defendant inquires about an appeal. Another circumstance is when the situation indicates that the defendant may benefit from receiving the advice, such as the existence of a direct appeal claim that has a reasonable likelihood of success. *See Marrow,* 772 F.2d at 528-29; *see generally Laycock,* 880 F.2d at 1187-88; *Carey,* 605 F.2d at 746; *Weathers,* 459 S.E.2d at 839.

To the extent that this court's decision in Franklin v. State, 110 Nev. 750, 877 P.2d 1058 (1994), could be read to suggest that counsel has an absolute duty to advise a defendant who pleads guilty of the right to appeal, we expressly disapprove of it. However, we affirm our holding in *Franklin* in all other respects.

In the instant case, while appellant contended that he was not advised of the right to appeal, he also contended that his counsel failed to perfect an appeal after he expressed a desire to appeal. If this latter claim is true, appellant's counsel had a duty to advise appellant of the right to appeal and to perfect an appeal on appellant's behalf. Thus, appellant is entitled to an evidentiary hearing on this claim. *See* Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984). Accordingly, we remand this appeal to the district court to conduct an evidentiary hearing on this claim. We have reviewed appellant's remaining contentions raised in the petition, and we conclude that these contentions lack merit.[1] Thus, we affirm in all other respects the district court's order denying appellant's petition.

---

[1] In the petition, appellant also contended that his guilty plea was involuntarily entered because he was mentally incompetent and because he was not advised that he would have to serve a minimum term of three years before being eligible for parole. Appellant further contended that his counsel was ineffective for not requesting a competency hearing, for not advising appellant about the mandatory minimum sentence, and for not conducting adequate investigation. These claims lack merit. *See* Sali v. Warden, 87 Nev. 41, 482 P.2d 287 (1971); Anushevitz v. Warden, 86 Nev. 191, 467 P.2d 115 (1970); *see also* Kirksey v. State, 112 Nev. 980, 987-88, 923 P.2d 1102, 1107 (1996); Hargrove v. State, 100 Nev. 498, 686 P.2d 222 (1984).