An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TANIKO CURT SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60575

**FILED**

MAY 1 5 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a second amended judgment of conviction entered pursuant to this court's order of reversal and remand. *See Smith v. State*, Docket No. 50122 (January 20, 2009). Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Taniko Curt Smith contends that the equitable doctrine of laches bars the State from adopting the second amended judgment of conviction more than three years after this court reversed and remanded the district court's decision to vacate his convictions for murder with the use of a deadly weapon and attempted murder with the use of a deadly weapon. Specifically, Smith contends that the three-year delay in entering the judgment resulted in prejudice because he is now time-barred from filing federal or state challenges to his judgment of conviction.

We are not convinced that Smith was prejudiced by the delay. *See Besnilian v. Wilkinson*, 117 Nev. 519, 522, 25 P.3d 187, 189 (2001) ("[T]o invoke laches, the party must show that the delay caused actual

13-14373

prejudice."). Smith has already exercised his right to a direct appeal and filed three post-conviction petitions for a writ of habeas corpus. All three petitions were untimely. Smith also filed a federal petition for a writ of habeas corpus which was denied in 2003 and the denial was affirmed by the Ninth Circuit Court of Appeals in 2006 before this court's order of reversal and remand. Finally, contrary to Smith's assertion, direct review of his conviction concluded when this court affirmed his conviction on the merits in 1998, well before the three-year delay. *See* 28 U.S.C. § 2244(d)(1)(A) (discussing the federal period of limitations); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (discussing when conclusion of direct review occurs). Therefore, Smith has not demonstrated that the delay in filing the amended judgment of conviction caused him to lose his right to challenge his conviction in federal or state court or prejudiced his ability to exercise his rights in any other way.

As to Smith's claim that the aiding-and-abetting jury instruction violated his rights under *Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002), and *Mitchell v. State*, 122 Nev. 1269, 149 P.3d 33 (2006), this claim was previously resolved in our order of reversal and remand, *see Smith v. State*, Docket No. 50122 (January 20, 2009), and is therefore

barred by the doctrine of law of the case, *see Hall v. State,* 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975).[1] Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Elissa F. Cadish, District Judge
       Joel M. Mann, Chtd.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]Smith's other claims are not properly raised in this appeal. *See* NRAP 28(a)(9); NRAP 28(e)(2); NRAP 28(j) ("Briefs that are not in compliance may be disregarded . . . on motion or sua sponte by the court."); *see also Franklin v. State,* 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) (explaining that "claims that are appropriate for a direct appeal must be pursued on direct appeal, or they will be considered waived in subsequent proceedings"), *overruled on other grounds by Thomas v. State,* 115 Nev. 148, 150, 979 P.2d 222, 223-24 (1999); *Rippo v. State*, 122 Nev. 1086, 1095, 146 P.3d 279, 285 (2006) ("Claims of ineffective assistance of trial or appellate counsel are properly raised for the first time in a timely first post-conviction petition.").