An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JACOB MOORE SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64385

**FILED**

SEP 1 7 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

On appeal from the denial of his May 26, 2010, petition, appellant argues that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

First, appellant argues that counsel was ineffective for failing to timely invoke the exclusionary rule, which resulted in the intimidation

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30895

of a witness while she was testifying at trial by other witnesses who would have been excluded. Appellant has failed to demonstrate prejudice. Appellant failed to satisfy his burden of proof at the evidentiary hearing when he presented no evidence that the testifying witness was in fact intimidated into changing her testimony, what her testimony would have been had she not been intimidated, or how it would have affected the outcome at trial. We therefore conclude that the district court did not err in denying this claim.

Second, appellant argues that counsel was ineffective for failing to object to the prosecutor's misstatement of law in closing argument concerning the definitions of willfulness, premeditation, and deliberation. Appellant has failed to demonstrate deficiency or prejudice. Despite carrying the burden of proof, appellant failed to question either trial counsel at his evidentiary hearing about their decision not to object to the misstatement of the law. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (noting that strategic decisions are "virtually unchallengeable") (quoting *Howard v. State*, 106 Nev. 713, 722, 800 P.2d 175, 180 (1990), *abrogated on other grounds by Harte v. State*, 116 Nev. 1054, 1072 n.6, 13 P.3d 420, 432 n.6 (2000))). Further, appellant failed to provide this court with complete trial transcripts such that this court cannot review the district court's conclusion that he was not prejudiced. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). We therefore conclude that the district court did not err in denying this claim.

Appellant's remaining claims—the district court erred in denying a motion to continue trial; the State improperly excluded the only minority potential juror; and the State misstated the law in closing

argument at trial—could have been raised in appellant's direct appeal. Appellant failed to demonstrate good cause for his failure to do so. NRS 34.810(1)(b); *see also Franklin v. State*, 110 Nev. 750, 751-52, 877 P.2d 1058, 1059 (1994), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Lidia Stiglich, District Judge
Story Law Group
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk