An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

AUTUMN DAWN MURRY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65672

**FILED**

OCT 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

In her petition, filed on January 17, 2014, appellant first claimed that she received ineffective assistance from trial counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that her counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v.*

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34433

*Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

Appellant claimed that counsel was ineffective for denying her the right to a speedy trial by waiving it despite knowing appellant did not want to. Appellant failed to demonstrate prejudice. Appellant did not allege that, but for counsel's purported error, she would not have pleaded guilty but would have insisted on going to trial. To the extent that appellant claimed that she was denied her right to a speedy trial, any such claim was waived when she entered her guilty plea. *See* NRS 34.810(1)(a); *Franklin v. State*, 110 Nev. 750, 751-52, 877 P.2d 1058, 1059 (1994) *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). We therefore conclude that the district court did not err in denying this claim.

Appellant next claimed that the sentencing judge failed to consider the evidence in appellant's sentencing memo and based the sentence solely on the presence of the media. Appellant's claim is outside the scope permissible in a post-conviction petition for a writ of habeas corpus arising out of a guilty plea. *See* NRS 34.810(1)(a). We therefore conclude that the district court did not err in denying this claim.

Finally, appellant claimed that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to turn over a neighbor's surveillance video of the murder, which the defense had requested and that purportedly showed appellant acting in defense of herself and/or another. Even assuming that the State withheld the video and that it

showed what appellant claimed, appellant failed to demonstrate "a reasonable possibility that but for the failure to disclose the evidence [she] would have refused to plead and would have insisted on going to trial." *State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 99 (2012). Appellant's claim that the State's failure to turn over the video forced her into taking a plea deal was not supported by the totality of the circumstances. The State had a strong case corroborated by video of the earlier robbery, video from the murder victim's taxi, and appellant's confession to a friend; the persuasiveness of the video as evidence of self-defense was questionable where the events as described by appellant did not amount to justification, *see* NRS 200.120 (requiring in relevant part that the person killed be one "who manifestly intends or endeavors, by violence or surprise, to commit a felony"); NRS 200.130 (providing that bare fear is insufficient and requiring "that the circumstances were sufficient to excite the fears of a reasonable person"); appellant had at least one other case dismissed as a result of the guilty plea and avoided a conviction for first-degree murder with use of a deadly weapon; and appellant's guilty plea colloquy was sufficient. *See id.* at ___, 275 P.3d at 99-100. We therefore conclude that the district court did not err in denying this claim.[2]

---

[2]The district court concluded that the claim was waived because it was not raised on direct appeal. The district court was in error. *See id.* at ___, 275 P.3d at 98. We nevertheless affirm the district court's decision for the reasons stated above. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) (holding that a correct result will not be reversed simply because it is based on the wrong reason).

For the foregoing reasons, we conclude that appellant's claims lack merit, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Stefany Miley, District Judge
Autumn Dawn Murry
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.