IN THE SUPREME COURT OF THE STATE OF NEVADA

MAX REED, II,
Appellant,
vs.
RENEE BAKER, WARDEN, ELY STATE
PRISON,
Respondent.

No. 67842

FILED

APR 1 4 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Appellant Max Reed, II, represented himself at trial and was convicted of murder with the use of a deadly weapon. Reed was sentenced to two consecutive terms of 20 to 50 years in prison. This court affirmed his judgment and sentence on appeal. *Reed v. State*, Docket No. 62177 (Order of Affirmance, July 30, 2014). On September 16, 2014, Reed filed a pro se petition for postconviction relief, which the district court denied.[1] This appeal followed.

---

[1]The district court denied the following claims on the grounds that they could have been, or were, raised on direct appeal and were therefore waived: (1) the State failed to prove intent, (2) the State failed to turn over evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and failed to collect/preserve evidence, (3) the trial judge was biased and issued erroneous legal rulings, (4) insufficient evidence was presented at the preliminary hearing, (5) Reed was denied his right to self-representation, (6) insufficient evidence supports the conviction, (7) the racial makeup of the jury was unconstitutional, and (8) Reed was denied his right to compulsory process. *See* NRS 34.810(1) (b); *see also Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) (holding that "claims that are appropriate for a direct appeal must be pursued on direct appeal, or they will be considered waived in subsequent proceedings"), *overruled on other*

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

16-11742

In his petition, Reed contended that the attorneys who represented him before he assumed his own representation were ineffective.[2] To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting *Strickland*). We give deference to the district court's factual findings if supported by substantial evidence but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). An evidentiary hearing is warranted where a petitioner raises a claim supported by specific facts that are not belied by the record and that, if true, would entitle him to relief. *Hathaway v. State*, 119 Nev. 248, 255, 71 P.3d 503, 508 (2003). An evidentiary hearing is not warranted,

---

*. . . continued*

*grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). We agree and conclude that the district court did not err by denying these claims without conducting an evidentiary hearing.

[2]Reed also contended that standby counsel and appellate counsel were ineffective. We reject Reed's standby counsel claims because he had no right to the effective-assistance of standby counsel. *See, e.g., McKague v. Whitley*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996) (explaining that a defendant only has a right to the effective assistance of counsel where counsel is constitutionally or statutorily required); *United States v. Cochrane*, 985 F.2d 1027, 1029 (9th Cir. 1993) (holding that a petitioner cannot challenge the performance of standby counsel because he has no right to standby counsel). We decline to consider Reed's appellate counsel claims because we conclude that they were not adequately raised. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

however, where an appellant presents bare or naked claims. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

First, Reed contended that counsel Richard Davies[3] was ineffective because he did not obtain discovery, investigate, or challenge the evidence presented at the preliminary hearing. The district court determined that Reed failed to demonstrate that Davies was ineffective. We agree because Reed failed to demonstrate that the State would have been unable to muster slight or marginal evidence had counsel performed differently or that challenging the evidence presented would have been successful. *See Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980). Second, Reed contended that counsel Scott Edwards[4] was ineffective because he failed to investigate and perform other tasks. Reed failed to demonstrate that Edwards was ineffective because Reed assumed his own representation almost two years before trial and does not explain why he could not have performed these tasks, or how he was prejudiced. We conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.

Next, Reed contended that he was prevented from filing a meaningful postconviction petition due to the restrictions placed upon him as an inmate. The district court denied this claim because he failed to allege sufficient facts suggesting an actual injury. We agree. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (explaining that an inmate contesting his access to the courts must demonstrate specific examples of injury). Reed

---

[3]Davies represented Reed at the preliminary hearing.

[4]Edwards represented Reed after the preliminary hearing until Reed assumed his own representation.

failed to identify any specific deficiencies in his petition which resulted from the alleged restrictions. We note that the petition was filed well before the relevant deadline and is replete with citations to authority and facts in the record. We conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.

Finally, Reed's claim that cumulative error warrants relief lacks merit because there were no errors to cumulate.

Having concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Janet J. Berry, District Judge
Max Reed, II
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[5]We have reviewed all documents that appellant has submitted to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has raised any claims or facts in those documents that were not precisely presented in the proceedings below, we have declined to consider them in the first instance.