# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEONTAE CAMPBELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75700

**FILED**

JUN 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of carrying a concealed firearm or other deadly weapon, assault with a deadly weapon, discharge of a firearm from or within a structure or vehicle, and resisting a public officer with use of a firearm. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Having reviewed the parties' arguments and the facts in the record, we affirm the judgment of conviction. To the extent that Keontae Campbell argues that he received ineffective assistance of counsel and that his guilty plea was invalid, he must first raise these issues in the district court, as they are not properly raised for the first time on direct appeal. *See, e.g., Franklin v. State*, 110 Nev. 750, 751-52, 877 P.2d 1058, 1059 (1994), ("[C]hallenges to the validity of a guilty plea and claims of ineffective assistance of trial and appellate counsel must be first pursued in post-conviction proceedings in the district court."), *disapproved of on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999).

Campbell's arguments that the district court abused its discretion in sentencing because: (1) the district court failed to consider probation; (2) the district court issued a *consecutive* sentence; and (3) the district court sentenced on the high end of the ranges outlined in the plea agreement, are all without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-27433

The district court did not abuse its discretion in declining to grant probation in sentencing. The record clearly reflects that the district court considered probation, but did not grant it because of the dangerous and violent nature of Campbell's crimes. The district court is within its discretion when declining to grant probation for public safety reasons. *See Seim v. State,* 95 Nev. 89, 93, 590 P.2d 1152, 1154 (1979) ("[T]he broad objective of probation is rehabilitation with *incidental public safety,* and that the conditions of probation should further provide this objective." (emphasis added)).

Additionally, the district court was within its discretion to sentence Campbell on the high end of the sentencing ranges outlined in the plea agreement, and to run one of those sentences consecutively. "[T]he district court [has] wide discretion in its sentencing decision." *Chavez v. State,* 125 Nev. 328, 348, 213 P.3d 476, 490 (2009). If a sentence is within the statutory limits, it is presumed to be constitutional and valid. *Blume v. State,* 112 Nev. 472, 475, 915 P.2d 282, 284 (1996). However, if a statute that prescribes the sentence is unconstitutional, or if the sentence shocks the conscience of the court, then the sentence should be reversed. *Id.* Campbell expressly agreed to the ranges that were set out in the plea agreement, and he expressly agreed to the possibility of the sentences running consecutively or concurrently. Campbell argues that his sentence is disproportionate, and that therefore, the district court abused its discretion. Contrary to Campbell's argument, we conclude that Campbell's

sentence, which is within the range that he agreed to in his plea agreement, is not disproportionate to his underlying crimes. Therefore, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Hon. Valerie Adair, District Judge
     Mario D. Valencia
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk