IN THE SUPREME COURT OF THE STATE OF NEVADA

JIMMY MICHAEL WHITE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77278

FILED

NOV 1 5 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Jimmy White pleaded guilty to robbery, and was sentenced to 48 to 120 months. White did not appeal from the judgment of conviction, but filed a postconviction petition for a writ of habeas corpus, which the district court denied.

White first argues that, due to the medication he was on at the time, he entered into the plea involuntarily and unknowingly because he did not understand that he was pleading guilty to a crime he did not commit. We conclude that this argument lacks merit. A guilty plea is presumptively valid, and petitioner carries the burden of establishing that the plea was

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response from the State is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

 

19-46845

not entered knowingly and intelligently. *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986), *superseded by statute on other grounds as stated in Hart v. State*, 116 Nev. 558, 1 P.3d 969 (2000); *see also Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). White signed a plea memorandum describing the crime. At the plea canvass, White acknowledged that he read and signed the plea agreement and that he understood the rights he was waiving and the penalties he faced. And there is no indication from the record that White's prescribed medication prevented him from understanding the guilty plea proceedings.[2] *See State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000) ("This court will not invalidate a plea so long as the totality of the circumstances, as shown by the record, demonstrates that the plea was knowingly and voluntarily made and that the defendant understood the nature of the offense and the consequences of the plea."); *Molina v. State*, 120 Nev. 185, 191, 87 P.3d 533, 537-38 (2004) ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently." (internal quotation marks omitted)). Finally, this issue was previously litigated in a presentence motion to withdraw the guilty plea. We therefore conclude that this claim is waived as White could have raised it on direct appeal but did not. *See Franklin v. State*, 110 Nev. 750, 877 P.2d 1058 (1994), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). This waiver provides a separate and independent ground to deny relief on this claim.

---

[2]White was on the same medication when he was adjudged competent to stand trial.

White also argues that his attorney failed to tell him that the underlying facts did not support a conviction for robbery, alleging that he was handcuffed at the time the robbery occurred. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923, P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

We conclude that White's argument does not demonstrate deficient performance. First, White's claim that he was handcuffed at the time of the robbery is belied by the record. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008) (recognizing that an evidentiary hearing and postconviction relief are not warranted when a petitioner's specific factual allegations are belied by the record). Further, White acknowledged during the plea canvass that he read and understood the guilty plea agreement and admitted that he committed the crime as described by the State during its factual proffer.

Having considered White's contentions and concluding that they lack merit, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Gibbons

_____, J.
Silver

_____, Sr. J.
Douglas

cc:    Hon. Elissa F. Cadish, District Judge
       Jimmy Michael White
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.