# IN THE SUPREME COURT OF THE STATE OF NEVADA

TONY LEE HOBSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78528

FILED

JAN 2 4 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Appellant Tony Lee Hobson argues that he received ineffective assistance of trial and appellate counsel and that the district court should have held an evidentiary hearing. We disagree and affirm.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must demonstrate the underlying facts by a

---

[1]Having considered the pro se brief filed by Hobson, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

20-03394

preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied or repelled by the record and that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008). We give deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Hobson first argues that trial counsel should have sought a mistrial based on a discrepancy between police officer accounts of where certain receipts were found in his apartment. Because a minor discrepancy between the testimony of two people does not warrant reversal, a motion for a mistrial on this basis would not have succeeded. *See Randolph v. State*, 117 Nev. 970, 981, 36 P.3d 424, 431 (2001). Counsel did not perform deficiently in omitting a meritless motion, and Hobson was not prejudiced by its omission. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). Insofar as Hobson argues that counsel should have called attention to the discrepancy, Hobson has not shown prejudice, as emphasizing a minor discrepancy between the officers' accounts would not significantly impeach their credibility but would stress the undisputed fact that the receipts stating the amounts stolen from the restaurants' safes were found

in Hobson's apartment. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hobson next argues that trial counsel should have challenged the indictment under NRS 175.291 on the basis that it rested solely on the getaway driver's uncorroborated testimony. Tactical decisions, such as what defenses to develop, witnesses to call, or objections to raise, rest with counsel, *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002), and "will be virtually unchallengeable absent extraordinary circumstances," *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (internal quotation marks omitted). Hobson has not shown such circumstances, particularly where counsel raised several claims in a pretrial habeas petition and the record belies Hobson's contention that the getaway driver's grand jury testimony was uncorroborated. *See LaPena v. Sheriff*, 91 Nev. 692, 696, 541 P.2d 907, 910 (1975). The district court therefore did not err in denying this claim without an evidentiary hearing.

Hobson next argues that trial counsel should have argued that Detective Abell committed perjury when he confused a Popeye's and an El Pollo Loco in characterizing Donte Johns' police statement. Mere inaccuracies or minor discrepancies in a witness's testimony do not per se establish perjury, 70 C.J.S. Perjury § 14, and Hobson has alleged no additional facts suggesting that Abell deliberately testified falsely in confusing the restaurant names. As he has not shown that a perjury challenge had merit, Hobson has not shown deficient performance or prejudice on this basis. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hobson next argues that trial counsel should have challenged the admission of conflicting DNA reports. DNA testing was performed on several pieces of physical evidence, counsel successfully had the evidence reinterpreted according to different standards, and the second DNA report indicated that a sample that conclusively linked a glove to Hobson could no longer be conclusively identified. Hobson has not shown prejudice had counsel prevented admission of the first report because the second report still conclusively linked Hobson to the other glove of the matching pair, the gloves were found in the car where Hobson was arrested immediately before attempting another robbery, and surveillance video footage from earlier robberies showed the robber wearing two matching gloves that appeared to be those seized and tested. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hobson next argues that trial counsel should have suppressed photographs of cell phones and cash seized from his apartment on the basis that the items were not the proceeds of robberies but were legally owned by Hobson and his girlfriend. The photographs depicted items that were seized pursuant to a validly issued search warrant and then returned to the victims. As such photographs are admissible, see NRS 52.385(4), a suppression motion would have failed. Hobson accordingly has not shown deficient performance or prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hobson next argues that trial counsel should have investigated his claim that he and his girlfriend legally owned the cell phones and cash seized in the search. First, the district court's finding that Hobson did not allege what further investigation would yield is incorrect: he alleged that further investigation would support his claims that these items were legally

owned. Moreover, its conclusion that Hobson should have presented evidence supporting his allegations conflicts with its decision to deny his petition without an evidentiary hearing. However, Hobson has not shown that establishing a stronger defense for these pieces of evidence would have led to a reasonable probability of a different outcome, as they were not central to the State's case where the State noted the presence of the phones and cash in closing argument as merely "another factor to consider," alongside stronger evidence of guilt that the State relied on, such as Hobson being arrested with robbery tools, Johns' testifying against him, Hobson's DNA matching to an identification threshold DNA found on a glove that looked like that seen in surveillance video footage, Hobson's shoe matching a footprint found at one of the scenes, Hobson and his accomplice Brandon Starr matching the builds of the masked men seen committing the robberies in the surveillance videos, and receipts from the robbed restaurants found in his home. The district court therefore reached the correct result in denying this claim without an evidentiary hearing. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970).

Hobson next argues that trial counsel should have had the DNA evidence independently retested because a newly adopted standard for DNA identifications likely would have led to more favorable results. Hobson has not shown deficient performance or prejudice on this basis. The DNA evidence had already been reinterpreted according to the new standard, and Hobson has not alleged specific facts supporting his bare claim that retesting the evidence would be favorable. The district court erred when it speculated as to counsel's tactical reasoning on this matter, yet it nevertheless reached the correct disposition in denying this claim without an evidentiary hearing.

Hobson next argues that trial counsel should have called every victim to testify. What witnesses to call is a tactical decision, and Hobson has not shown extraordinary circumstances warranting a challenge to this tactical decision, particularly as he has not alleged specific facts indicating how testimony from any individual victim who did not testify would have helped him. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hobson next argues that trial counsel should have called Johns' JAG officer to testify that Johns initially denied his involvement in these crimes. Hobson has not shown extraordinary circumstances warranting a challenge to this tactical decision, particularly as counsel elicited this denial through cross-examining Johns. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hobson next argues that trial counsel should have called Detective Flynn to testify and elicited conflicting police accounts regarding where in his apartment the receipts were found. Hobson has not shown extraordinary circumstances warranting a challenge to this tactical decision, particularly as counsel elicited this discrepancy and argued in closing that it illustrated the shoddiness of the investigation. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hobson next argues that trial counsel should have called Officer Mohler to impeach Detective Matlock's statement that he found a blue bag on Hobson's person. Hobson has not shown extraordinary circumstances warranting a challenge to this tactical decision, particularly as Hobson's allegation that Matlock testified that he searched Hobson before he was

SUPREME COURT
OF
NEVADA

(O) 1947A

arrested is belied by the record. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hobson next argues that trial counsel should have impeached the State's DNA expert with an email asking Detective Abell about the connection between the items tested and the crimes alleged. Hobson appears to misconstrue the email as implying that the DNA evidence was suspect; rather, the email sought additional information needed to upload the DNA profile to a DNA database for future investigations and was of minimal relevance to the DNA analysis in his case. Hobson has not shown that any cross-examination regarding this email would have led to a reasonable probability of a different outcome. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hobson next argues that trial counsel should have challenged the jury instruction regarding corroborating accomplice testimony because it did not instruct the jury that corroboration would be insufficient where it was consistent with a reasonable, innocent explanation or showed only an opportunity to commit a crime. Hobson has not shown prejudice because the record contains ample independent corroborating evidence that is inconsistent with a reasonable, innocent explanation and is more inculpatory than establishing mere opportunity to commit a crime. *See* NRS 175.291(1); *Heglemeier v. State*, 111 Nev. 1244, 1250-51, 903 P.2d 799, 803-04 (1995). The district court therefore did not err in denying this claim without an evidentiary hearing.

Hobson next argues that trial counsel should have investigated several matters. These claims fail. Hobson has not shown prejudice in counsel's not calling character witnesses because Hobson has not identified specific individuals or alleged specific facts showing that such testimony

SUPREME COURT
OF
NEVADA

(O) 1947A

7

would likely help him. Hobson has not shown prejudice in counsel's not investigating Hobson's proposed defense theories because he has not identified any specific theory that was not pursued. Hobson has not shown prejudice regarding counsel's not obtaining phone bills showing that the phones seized in his apartment were his girlfriend's. As noted above, even assuming that further inquiry would show this, the evidence was insufficiently consequential to undermine confidence in Hobson's conviction by proffering an alternative explanation. *See Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Hobson has not shown prejudice regarding his claim that counsel should have investigated police emails that would show perjury and fabricated evidence because Detective Weirach did not testify before the grand jury as Hobson describes, but rather generically noted that detectives usually discuss investigation details by email, such that further investigation in this regard would not be reasonably probable to lead to a different outcome. Hobson has not shown prejudice in counsel's not investigating Hobson's neighbor's purported statement that the police were investigating the Dodge Charger in which Hobson was arrested before the arrest, where police incident reports had alerted police to look for a Dodge Charger, such that this neighbor's statement would not undermine the police version of events. Hobson has not shown prejudice in counsel's not retesting the DNA evidence because his allegation that retesting would show the first DNA test to be false is mere speculation. *See Browning v. State*, 120 Nev. 347, 357, 91 P.3d 39, 47 (2004). Hobson has not shown prejudice regarding investigating victim testimony on the basis that one victim testified to less egregious violence at trial than before the grand jury because eliciting the victim's initial, more inflammatory account would

SUPREME COURT
OF
NEVADA

(O) 1947A

8

more likely harm, rather than help, Hobson. The record repels Hobson's claim that counsel should have investigated the footwear analysis more thoroughly and did not subject the expert to meaningful, adversarial cross-examination because counsel thoroughly cross-examined the expert. Further, Hobson has not alleged specific facts showing how further investigation would have benefitted him in this regard. The district court therefore did not err in denying these claims without an evidentiary hearing.

Hobson next argues that appellate counsel should have argued that the convictions for offenses involving victims who did not testify violated the Confrontation Clause. Several offenses rested on testimony by restaurant employees that they witnessed Hobson and Starr rob a coworker who did not testify. As the testimony did not reference a testimonial statement by a unavailable declarant, a challenge under the Confrontation Clause would have failed. *See Pantano v. State*, 122 Nev. 782, 789, 138 P.3d 477, 481 (2006). Accordingly, Hobson has not shown deficient performance or prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Hobson next argues that the district court should have appointed an investigator at state expense. The State was not required to provide an investigator during postconviction proceedings, and Hobson has not shown that the district court abused its discretion in declining to appoint an investigator at state expense where he did not make sufficient allegations to warrant expanding the record. *See Mann v. State*, 118 Nev. 351, 356, 46 P.3d 1228, 1231 (2002); *Kirksey*, 112 Nev. at 1003, 923 P.2d at 1116-17.

Hobson next raises a number of claims that should have been raised, if at all, on direct appeal. Specifically, he argues that the district court abused its discretion by permitting a detective to discuss Johns' conversation with his JAG officer, by permitting the trial to continue without Detectives Flynn or Turner testifying, by denying his pretrial habeas petition, by rejecting his proposed jury instructions, and by denying his motion to dismiss on confrontation grounds; that the State committed prosecutorial misconduct by eliciting perjured testimony from Detective Abell, by presenting allegedly irrelevant photographs of cell phones recovered from his apartment, and by not instructing the grand jury on the elements of kidnapping; that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by withholding his girlfriend's explanation for his legal ownership of the money seized from his apartment and by not producing emails depicting the course of the investigation; and that the State violated his right to due process by fabricating evidence. These claims are waived absent a showing of good cause and actual prejudice, which he has not made. *See Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). The district court therefore did not err in denying these claims without an evidentiary hearing.

Lastly, Hobson raises several challenges to appellate counsel's effectiveness for the first time in his "opposition" to the State's response to his petition and in an amended habeas petition that he filed after the district court held a hearing in which it denied Hobson's petition but before it entered its written order. The district court has discretion to permit a petitioner to supplement the initial petition, but Hobson did not request and the district court did not grant permission to amend or supplement the

SUPREME COURT
OF
NEVADA

(O) 1947A

10

initial petition. *See* NRS 34.750(5); *State v. Powell*, 122 Nev. 751, 758, 138 P.3d 453, 458 (2006). The district court did not consider any of these additional claims, and we decline to do so in the first instance.

Having concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, Sr. J.
Douglas

cc:    Hon. William D. Kephart, District Judge
       Tony Lee Hobson
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

SUPREME COURT
OF
NEVADA

(O) 1947A