IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT GUERRINA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78495

FILED

JAN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Appellant Robert Guerrina argues that he received ineffective assistance of trial and appellate counsel and that the district court should have appointed counsel and held an evidentiary hearing. We disagree and affirm.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must demonstrate the underlying facts by a

---

[1]Having considered the pro se brief filed by Guerrina, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

20-03393

preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied or repelled by the record and that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Guerrina first argues that trial counsel should have obtained a copy of the surveillance videotape from his motel. The record shows that counsel attempted to recover the videotape but that it became unavailable before counsel was appointed. Guerrina accordingly has not shown how counsel's efforts were objectively unreasonable. Further, noting that the investigating officer testified that he did not recall seeing anything noteworthy in the video, Guerrina has not shown prejudice as this court determined in adjudicating his direct appeal that his contention that such evidence was material was mere speculation. *Guerrina v. State*, 134 Nev. 338, 347, 419 P.3d 705, 713 (2018). The district court therefore did not err in denying this claim without an evidentiary hearing.

Guerrina next argues that trial counsel should have challenged the victim's identification of him as the perpetrator as suggestive. As the victim was shown a photograph of Guerrina after identifying Guerrina by name to the police in reporting the crime based on knowing him through work, the procedure did not "give rise to a very substantial likelihood of irreparable misidentification." *Thompson v. State*, 125 Nev. 807, 813, 221 P.3d 708, 713 (2009) (internal quotation marks omitted). As a challenge to

SUPREME COURT
OF
NEVADA

(O) 1947A

2

the identification on this basis was not meritorious, counsel did not perform deficiently in omitting it, nor was Guerrina prejudiced by its omission. The district court therefore did not err in denying this claim without an evidentiary hearing.

Guerrina next argues that trial counsel should have investigated certain witnesses. He argues that counsel would have discovered that Ms. Lercher had a brother fired from the store Guerrina robbed, that his ex-wife's credibility could be impeached, and that Mr. Vaughn could testify about the timestamp on the motel surveillance video. Even assuming Guerrina's contentions regarding what additional investigation would uncover, Guerrina has not shown prejudice, particularly in light of the victim's identification of Guerrina as the perpetrator; no evidence connected Ms. Lercher's brother to the crime and this alleged motive is mere speculation; Guerrina's ex-wife's representations of his need for money are substantiated by text messages that were admitted into evidence; and the motel surveillance video does not exist for Mr. Vaughn to testify regarding its contents. The district court therefore did not err in denying this claim without an evidentiary hearing.

Guerrina next argues that trial counsel should have challenged false and defamatory statements in the search warrant affidavit. The record repels Guerrina's contention that the warrant contained intentionally or recklessly false statements. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). Guerrina has not shown that a challenge was meritorious and thus has not shown that counsel was deficient in omitting it. Further, Guerrina has not argued prejudice regarding the fruits of the search. The district court therefore did not err in denying this claim without an evidentiary hearing.

Guerrina next argues that trial counsel should have filed more effective pretrial motions. The record shows that counsel filed several pretrial motions, and Guerrina does not support his bare claim that counsel's pretrial motions should have been more successful with specific factual allegations on which relief could be granted. The district court therefore did not err in denying this claim without an evidentiary hearing.

Guerrina next argues that trial counsel should have filed an affidavit pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), setting forth what evidence had not been provided. Guerrina does not identify any *Brady* evidence that was not produced and thus does not show how such an affidavit would have led to a reasonable probability of a different outcome. The district court therefore did not err in denying this claim without an evidentiary hearing.

Guerrina next argues that trial counsel should have conducted voir dire differently to ensure that unbiased jurors were impaneled. Each of the jurors Guerrina contests represented that he or she would be impartial. Accordingly, Guerrina has not shown that counsel was objectively unreasonable in conducting voir dire or that he was prejudiced by counsel's performance. *Cf. Wesley v. State*, 112 Nev. 503, 511, 916 P.2d 793, 799 (1996) (concluding that a defendant cannot show prejudice if the impaneled jury is impartial). The district court therefore did not err in denying this claim without an evidentiary hearing.

Guerrina next argues that trial counsel should have raised prosecutorial-misconduct challenges to the State's comment in the opening statement that the victim "was fighting for her life" and its characterization of his ex-wife's testimony as representing that Guerrina needed money. The State arguably overstated the anticipated evidence in stating that the

SUPREME COURT
OF
NEVADA

(O) 1947A

victim was "fighting for her life" when the victim's grand jury testimony showed that she understood Guerrina to have a closed folding knife and was afraid, but never believed her life had been threatened. *Cf. Watters v. State,* 129 Nev. 886, 890, 313 P.3d 243, 247 (2013) (providing that the opening statement should be limited to the evidence the State intends to offer and believes to be admissible). Guerrina, however, has not shown a reasonable probability of a different outcome had counsel challenged this statement because the record does not show that this slight overstatement was made in bad faith and therefore constituted misconduct. *See Rice v. State,* 113 Nev. 1300, 1312-13, 949 P.2d 262, 270 (1997) (holding that the prosecutor's overstatement in the opening statement is not misconduct unless made in bad faith), *abrogated on other grounds by Rosas v. State,* 122 Nev. 1258, 1265 n.10, 147 P.3d 1101, 1106 n.10 (2006). Guerrina's challenge regarding the State's characterization of the nature of his ex-wife's testimony is repelled by the record, which shows that he told her he needed money and asked her to send him money many times, and neither was counsel deficient nor Guerrina prejudiced by omitting such a challenge. The district court therefore did not err in denying these claims without an evidentiary hearing.

Guerrina next argues that appellate counsel should have challenged the sufficiency of the evidence for each crime of which he was convicted, and should have alleged that the trial judge was biased in favor of defense counsel when challenging the district court's denial of Guerrina's motion to represent himself. Guerrina did not raise these claims below. We decline to consider these claims raised for the first time on appeal. *See Davis v. State,* 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means,* 120 Nev. at 1012-13, 103 P.3d at 33.

Guerrina next raises a number of claims that either were raised on direct appeal and, as law of the case, cannot be relitigated, *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975), or should have been raised, if at all, on direct appeal and are now waived absent demonstration of good cause and prejudice, which Guerrina does not make, *see Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994) (explaining that issues that could be raised on direct appeal must be raised on direct appeal or they will be waived in subsequent proceedings), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). Specifically, he argues that insufficient evidence supported his convictions; that the eyewitness identification of him was impermissibly suggestive; that the jurors were impermissibly biased against him; that the district court abused its discretion in denying his motion to represent himself and in denying his *Brady* motion; that the State failed to preserve evidence; that the district court committed misconduct by "vouching" for defense counsel; that the prosecutor committed misconduct in the opening statement; and that the police committed misconduct by falsely describing him as a thief in the search warrant affidavit. The district court therefore did not err in denying these claims without an evidentiary hearing.

Lastly, Guerrina argues that the district court should have appointed counsel. Guerrina is not entitled to the appointment of counsel as a matter of right. *See Brown v. McDaniel*, 130 Nev. 565, 569-71, 331 P.3d 867, 870-71 (2014). The district court did not abuse its discretion in denying his petition without appointing counsel because Guerrina has not shown that his case presented difficult issues or that counsel was needed to conduct discovery and his pro se filings demonstrate his comprehension of

the proceedings. *See* NRS 34.750(1); *Renteria-Novoa v. State*, 133 Nev. 75, 76, 391 P.3d 760, 761 (2017). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, Sr. J.
Douglas

cc:   Hon. Joseph Hardy, Jr., District Judge
      Robert Guerrina
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

_____

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.