# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIE DAVID SAMPSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80331

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant claimed the district court erred in denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

20-34490

review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant, who received a new trial on counts one through five, claimed that his trial counsel did not adequately investigate whether his conviction for count six (prohibited person owning or possessing a firearm) could be used to impeach him during his second trial. Appellant asserted that a term of the plea negotiations for count six prohibited its use during any subsequent proceedings, and thus, the State breached the plea agreement by seeking to admit the conviction.[2] Appellant argued that the threat of impeachment prevented him from testifying during the second trial.[3] We conclude that appellant did not demonstrate prejudice. Appellant did not identify how his testimony at the second trial would have differed from his testimony at the first trial. Consequently, he did not demonstrate how any potential testimony would have had a reasonable probability of altering the outcome of the second trial. Likewise, appellant did not demonstrate a reasonable probability of a different outcome if trial

---

[2]Appellant's related assertion that he was acquitted of count six is belied by the record. Appellant confused the offense of a prohibited person owning or possessing a firearm with the deadly weapon enhancement. At the first trial, the jury did not find that a deadly weapon was used in the commission of the kidnapping and sex offenses, and therefore, the primary offenses were not enhanced pursuant to NRS 193.165. However, a firearm was found in appellant's residence, and his prior felony conviction prohibited him from owning or possessing a firearm, NRS 202.360(1)(b). Appellant pleaded guilty to that offense. The fact that the jury did not find that a deadly weapon was used in the commission of the other offenses has no bearing on whether appellant could be convicted of owning or possessing a firearm based on his prohibited status. It likewise has no bearing on whether witnesses could testify about a firearm during the second trial.

[3]We note that the conviction for count six was not introduced at the second trial because appellant did not testify.

counsel had challenged the motion in limine based on a breach of the plea agreement involving count six. Therefore, the district court did not err in denying this claim.[4]

Appellant next claims that trial counsel did not ensure an adequate record of the proceedings, which harmed the review of his direct appeal. Specifically, appellant claimed that the transcripts do not accurately set forth the testimony of the victim or the State's expert witness. Appellant did not demonstrate deficient performance or prejudice because appellant did not indicate what actions trial counsel should have taken regarding the transcripts, did not demonstrate that any testimony was omitted or altered, and did not demonstrate that the alleged differences would have had a reasonable probability of altering the outcome at trial or on appeal. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that the State breached the plea agreement as to count six by allowing the deadly weapon enhancements to be presented to the jury at the first trial. Because the factual and legal basis of this claim was available at the time of the direct appeal following the first trial, this claim is waived, and appellant did not demonstrate good cause for his failure to raise the claim earlier. *See* NRS 34.810(1)(b); *see*

---

[4]To the extent that appellant challenged the district court's granting of the State's motion to admit count six for impeachment purposes at the second trial, this claim was raised on direct appeal but rejected because it had not been properly preserved by trial counsel with an offer of proof outlining appellant's anticipated testimony at the second trial. *See Sampson v. State*, Docket No. 74306, (Order of Affirmance at 3-4, May 31, 2019). The doctrine of the law of the case prevents further litigation of this claim. *See Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975). Appellant's related double jeopardy argument should have been raised on direct appeal after the second trial, and appellant did not demonstrate good cause for his failure to do so. *See* NRS 34.810(1)(b), (3).

*also Franklin v. State*, 110 Nev. 750, 752, 877 P.2d 1058, 1059 (1994), *overruled on other grounds by Thomas v. State*, 115 Nev. 148, 979 P.2d 222 (1999). Therefore, the district court did not err in denying this claim.

Appellant next argued that the State and district court erred at the first sentencing hearing by not acknowledging that he had been acquitted of using a deadly weapon for counts one through five. This claim is waived as it could have been raised in the direct appeal after the first trial, and appellant did not demonstrate good cause for his failure to do so. *See* NRS 34.810(1)(b). Therefore, the district court did not err in denying this claim.

Finally, we conclude that the district court did not err in denying the petition without an evidentiary hearing because appellant did not raise claims supported by specific factual allegations not belied by the record and that, if true, would have entitled him to relief. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). And because appellant did not file a motion for the appointment of counsel in the proceedings below, we conclude that the district court did not abuse its discretion in not appointing counsel. *See* NRS 34.750(1). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.        _____, J.
Hardesty                                          Cadish

cc:    Hon. Michelle Leavitt, District Judge
       Willie David Sampson
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk